[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13513
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00225-LJA


SELECHA ALLEN,

Plaintiff-Appellant,

versus

WARDEN, BALDWIN STATE PRISON,
DEPUTY WARDEN, BALDWIN STATE PRISON,
WARDEN, DODGE STATE PRISON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 4, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Selecha Allen, proceeding *pro se*, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim.  She argues the district court erred when it construed her complaint as only asserting a violation of her federal right to intimate association and did not consider her state law claims.  She also argues her claim had merit because she was not a prisoner and thus stated a different claim for relief due to a deprivation to her rights, not her fiancé's.   After review,[1] we affirm the district court.

The district court did not err when it dismissed Allen's federal constitutional claim.  *See Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (explaining a complaint must contain "enough facts to state a claim to relief that is plausible on its face").  Allen does not have the constitutional right to unrestricted visitation with her fiancé, who is a prisoner.  While Allen correctly asserts that her right to intimately associate with her fiancé, and not his right, is at issue here, it necessarily follows that the prison's discretion to restrict his visitation would restrict her ability to visit him.  *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003) (providing prisoners do not "altogether" lose their right to intimate association while in prison, but "[m]any of the liberties and privileges  enjoyed by other citizens must be surrendered by the prisoner . . . [and] freedom of association is among the

---

[1] We review a district court's *sua sponte* dismissal of a complaint filed *in forma pauperis* for failure to state a claim *de novo*.  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

2

rights least compatible with incarceration"); *Evans v. Johnson*, 808 F.2d 1427, 1428 (11th Cir. 1987) ("A convicted prisoner has no absolute constitutional right to visitation, such privilege being subject to the discretion of prison authorities, provided the visitation policies of the prison meet legitimate penological objectives."). The fact that Rufus was in segregation demonstrates the prison had a penological objective to restrict his visitation rights. *See Overton*, 539 U.S. at 131-34 (recognizing that prohibiting the visitation of former inmates, restricting the visitation privileges of inmates with two substance-abuse violations, and requiring children to be accompanied by a parent or legal guardian when visiting all served legitimate penological objectives); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir. 1994) (holding, in the context of qualified immunity, that restricting visitations between a prisoner and his wife because she had provided him with contraband did not violate clearly established law because inmates did not have "an absolute right to visitation"); *Jackson v. Humphrey*, 776 F.3d 1232, 1240-42 (11th Cir. 2015) (granting summary judgment on qualified immunity to prison officials who restricted a plaintiff's visitation rights with her husband because she was instigating a hunger strike, as the officials did not violate any clearly established law). The restriction on Allen visiting Rufus was an unavoidable consequence of the prison's ability to restrict his right to visit her. *See Overton*, 539 U.S. at 131-34.

To the extent Allen intended to allege a freestanding First Amendment claim, prison officials also have the discretion to impose time, place, and manner restrictions on outside visitors and thus did not violate her rights by restricting visitation. *See Pell v. Procunier*, 417 U.S. 817, 826-27 (1974) (determining prisons may impose reasonable time, place, and manner regulations on speech for security concerns, such as "the imposition of some restrictions on the entry of outsiders into the prison for face-to-face contact with inmates" so long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved). Accordingly, the district court did not err when it determined Allen failed to state a plausible federal claim for relief and dismissed her complaint.

The district court also did not err when it failed to consider Allen's state law claims because it no longer had original jurisdiction over her complaint after dismissing her federal claim. *See* 28 U.S.C. §§ 1331, 1367(c).

**AFFIRMED.**